UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAYVON HILL, #194207,

        Petitioner,

                                         CASE NO. 2:10-CV-12977
v.                                   HONORABLE JOHN CORBETT O'MEARA

DAVID BURGH,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO STAY/HOLD IN ABEYANCE HIS HABEAS PETITION**

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Nayvon Hill, a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to unarmed robbery in the Saginaw County Circuit Court and was sentenced to 14 to 30 years imprisonment in 2005. In his petition, he asserts that the trial court erred in denying his pre-trial lineup request, scoring Offense Variable 4 of the state sentencing guidelines, and not vacating his no contest plea when he asserted his innocence at sentencing. The matter is before the Court on Petitioner's motion to stay/hold in abeyance his habeas petition so that he may return to the state courts and exhaust additional issues concerning prosecutorial and judicial misconduct and the effectiveness of trial and appellate counsel. For the reasons stated herein, the Court denies Petitioner's motion.

1

**II.**

Petitioner's conviction arises from an attempted carjacking and robbery that occurred in Saginaw, Michigan on August 18, 2004. In exchange for dismissal of the carjacking charge, Petitioner pleaded no contest to unarmed robbery, Mich. Comp. Laws § 750.530, and being a fourth habitual offender, Mich. Comp. Laws § 769.12, in the Saginaw County Circuit Court on January 4, 2005. The trial court sentenced him as a fourth habitual offender to 14 to 30 years imprisonment on February 7, 2005.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims contained in the instant petition. The Michigan Court of Appeals dismissed the delayed application for lack of jurisdiction believing it to be untimely. *People v. Hill*, No. 284188 (Mich. Ct. App. April 9, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court found that the application was timely and remanded the case to the Michigan Court of Appeals for further review. *People v. Hill*, 483 Mich. 897, 761 N.W.2d 101 (March 6, 2009) (unpublished). On remand, the Michigan Court of Appeals denied the delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Hill*, No. 284188 (Mich. Ct. App. May 6, 2009). Petitioner then filed a second application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Hill*, 485 Mich. 898, 772 N.W.2d 424 (Sept. 28, 2009).

Petitioner dated his federal habeas petition on July 19, 2010. He raises the following claims as grounds for relief:

    I.    He is entitled to withdraw his plea where the trial court erred in denying his request for a line-up, finding that he had no right to a line-up because his

>           partial thumbprint was found outside the victim's car.
>
> II.       He is entitled to re-sentencing where he was scored 10 points for OV 4 and there was no evidence that the victim suffered psychological injury requiring professional treatment, which resulted in a minimum sentence outside the guideline range.
>
> III.      The trial court erred in not vacating plea in accordance with MCL 768.35 where he entered a no contest plea based upon lack of memory and asserted his innocence at the time of sentencing.

As noted, this matter is before the Court on Petitioner's motion to stay/hold in abeyance his petition so that he may exhaust additional issues concerning prosecutorial and judicial misconduct and the effectiveness of trial and appellate counsel in the state courts.

### III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion

requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims appear to be exhausted. He has neither alleged nor shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, _ U.S. _, 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). In this case, the Michigan Supreme Court denied leave to appeal on September 28, 2009 and the time for seeking a writ of certiorari with the United States Supreme Court expired on December 27, 2009. Petitioner dated his federal habeas petition on July 19, 2010. Thus, less than seven months of the one-year limitations period has run. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S.

4

167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than five months of the one-year limitations period remains, Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to do so.

While there is no evidence of intentional delay, Petitioner has neither alleged nor shown good cause for failing to previously raise his additional issues in the state courts before seeking federal habeas relief. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Petitioner's unexhausted claims concern matters of federal law which do not appear to be plainly meritless. Those claims should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254. Given such circumstances, a stay is unnecessary and unwarranted.

Accordingly, the Court **DENIES** Petitioner's motion to stay/hold in abeyance his habeas petition. Should Petitioner wish to have the Court dismiss the present petition, which appears to contain only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the three claims contained in the pending

petition.

**SO ORDERED.**

                                                                s/John Corbett O'Meara
                                                                United States District Judge

Date: August 17, 2010

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 17, 2010, using the ECF system and/or ordinary mail.

                                                                s/William Barkholz
                                                                Case Manager